UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 5:04CR33-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **CONSENT ORDER OF FORFEITURE** |
| ) | |
| KENNETH EDWARD COFFEY ) | |

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

(a) the following firearms - a Lorcin, model L25 .25 caliber pistol SN 246832; a Bryco Arms, model Jennings Nine 9mm pistol, SN 1498734; a Colt, model Challenger .22 caliber pistol SN 30270; a Marlin model 882SS .22 caliber rifle, SN 01297681; a Hi-Point model C 9mm pistol, SN P047219; a Remington model 11-48 12 gauge shotgun, SN 5122953; a Marlin model Glenfield 60 .22 caliber rifle, SN 24292659; a Stevens model 94F 16 gauge shotgun, no serial number; a Norinco model SKS 7.62 rifle, SN 1503810K; a Harrington and Richardson model 088 20 gauge shotgun, SN AZ439012; a Norinco model SKS 7.62 rifle, SN 26013324; a Remington model 700 .222 caliber rifle, SN E6808510; a Remington model 760 .243 caliber rifle, SN A7071442; a New England Firearms 12 gauge shotgun, SN NJ342405; a Savage Arms (Stevens) model 9478 20 gauge shotgun, SN C905265; a Marlin model 60 .22 caliber rifle, SN 03159161; a JC Higgins model 30 .22 caliber rifle, no serial number; a Marlin model 783 .22 caliber rifle, SN 12689158; a Stevens 12 gauge shotgun, no serial number; a Henry Repeating Arms .22 caliber rifle, SN M167203H; a Harrington and Richardson model Topper M48 16 gauge shotgun, SN H62763; a Samco .308 caliber SN 10277; a Winchester model 37A 20 gauge SN C1083146; a New England Firearms 20 gauge shotgun SN NH441660; a Connecticut Valley Arms black powder rifle SN 611301812400; a Cabanas 16 gauge SN 2370; a NML black powder rifle SN 3186; and a Columbia 12 gauge shotgun SN 0003.

(b) all ammunition seized during the period from on or about April 20, 2004, until on or about June 29, 2004.

(c) one Uniden scanner SN 160069.

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. upon seizure of any property to satisfy the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

Signed this the 11th day of July, 2005.

_____
RICHARD L. VOORHEES
UNITED STATES DISTRICT JUDGE

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein, or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
Kimlani S. Murray
Assistant United States Attorney

_____
William A. Brafford
Assistant United States Attorney

_____
Kenneth Edward Coffey
Defendant

_____
Richard A. Phillips
Attorney for Defendant

2