IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:04-CR-00033-KDB-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH EDWARD COFFEY | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for placement in home detention under the Second Chance Act of 2007 which was reauthorized by Section 603 of the First Step Act of 2018. (Doc. No. 28).

It is the responsibility of the Attorney General, through the Bureau of Prisons, to designate the place of incarceration, United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (authority to designate place of confinement vested in BOP), which is reflected in the language of the statute that "… the Attorney General may release some or all eligible elderly offenders … to home detention …" 34 U.S.C. § 60541(g)(1)(A). Accordingly, the Court does not have authority to order the defendant's release to home detention.

Defendant also moves the Court to recalculate his sentence to factor the calculation of good-time credit in the First Step Act of 2018.

The FSA amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. However, it is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F. App'x 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503

U.S. 329, 334-35 (1992)). If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement[1]. Id.

The defendant also asks the Court to appoint him counsel to assist him with his request for a sentence reduction under the First Step Act. However, "a criminal defendant has no right to counsel beyond his first appeal." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, . . . [a] motion for reduction of sentence does not fit into this category." Legree, 205 F.3d at 730 (internal citation omitted).

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for home detention, recalculation of sentence and appointment of counsel (Doc. No. 28), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 4, 2019

Kenneth D. Bell
United States District Judge

---

[1] The defendant is serving his sentence at FCI-Edgefield in Edgefield, South Carolina. (Doc. No. 28 at 3).